UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOWARD HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01584-JMS-TAB |
| | ) | |
| DENNIS REAGLE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING HABEAS PETITION AS UNTIMELY**

Howard Harris' habeas petition challenges his convictions for murder, attempted murder, and burglary under Indiana Cause No. 49G02-0603-MR-43071. The respondent has moved to dismiss, arguing that Mr. Harris' petition is barred by the one-year statute of limitations. The Court finds that Mr. Harris' petition is time-barred and that he is not entitled to equitable tolling. Accordingly, the motion to dismiss is **GRANTED**, and the habeas petition is **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**.

**I. BACKGROUND**

On February 1, 2006, in Marion County, Indiana, Mr. Harris and an accomplice forced their way into the apartment of a pregnant woman, her roommate, and their four children. The accomplice shot the women and children. When he ran out of bullets, the accomplice bludgeoned the children. Both women died, but their four children lived. *See* dkt. 9-6, pp. 3-4 (Indiana Court of Appeals Opinion, Direct Appeal).

Mr. Harris and the accomplice fled to Kentucky. They were later arrested in Bloomington, Indiana. Following a jury trial, Mr. Harris was convicted of two counts of murder, four counts of attempted murder, and one count of burglary. He was sentenced to an aggregate term of 260 years in the Indiana Department of Correction. *Id.*

The Indiana Court of Appeals denied Mr. Harris' direct appeal. *See generally id.* The Indiana Supreme Court denied his petition to transfer on May 15, 2008. Dkt. 9-2, p. 4. Mr. Harris did not file a petition for a writ of certiorari. Dkt. 1, p. 2.

Mr. Harris filed a petition for post-conviction relief in state court on January 29, 2009. Dkt. 9-8, p. 11. On June 27, 2012, the post-conviction court granted his motion to voluntarily withdraw his petition. *Id.* at 13-14. Mr. Harris filed a second petition for post-conviction relief on June 25, 2013. *Id.* at 14. The post-conviction court denied his petition, and the Indiana Court of Appeals denied his appeal. *Id.* at 32; dkt. 9-13. The Indiana Supreme Court denied his petition to transfer on July 25, 2019. Dkt. 9-9, p. 7.

On June 7, 2021, Mr. Harris filed the instant petition for a writ of habeas corpus. He raises two grounds for review. First, he argues that his trial counsel was ineffective for failing to object to a belated amendment to the charging information. Second, he argues that his appellate counsel was ineffective for failing to challenge the belated amendment on direct appeal. *See* dkt. 1, pp. 3-5, 9 (habeas petition).

The respondent has filed a motion to dismiss, arguing that Mr. Harris filed his petition beyond the one-year period of limitations, noting that his petition does not ask for equitable tolling, and asking the Court to dismiss the petition with prejudice. *See* dkt. 9. Mr. Harris' response asks the Court to find that he is entitled to equitable tolling. He makes the following argument:

> [T]olling should be waived due to the fact that the facility has been on continued lock down in HCH thus denying Petitioner access to the Law Library and his legal work that is confined to the computers and no one has access to these files but Petitioner.
>
> In 2013 Petitioner was placed in the mental health facility at New Castle and had access to none of his legal work or the law library did not exist in the mental health unit which denied Harris access to the courts.

Dkt. 12, p. 1.

## II. DISCUSSION

### A. Statute of Limitations

#### 1. Legal Standard

A state prisoner has one year after his conviction becomes final in state court to file a habeas petition. *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) (citing 28 U.S.C. § 2244(d)(1)(A)). A conviction becomes final when the deadline to file a petition for certiorari in the United States Supreme Court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). The limitations period is tolled while the petitioner's properly filed state post-conviction relief petition is pending. *Day v. McDonough*, 547 U.S. 198, 201 (2006) (citing 28 U.S.C. § 2244(d)(2)). A state post-conviction relief petition is pending until it has been denied by the highest level of state court review. *Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007).

#### 2. Analysis

Mr. Harris filed his habeas petition after the one-year period of limitations had passed. The following table illustrates this fact:

| Conviction Final (cert. deadline) | August 13, 2008 | 365 days left in limitations period |
|---|---|---|
| First State PCR Petition Filed | January 29, 2009 | 196 days left in limitations period |
| First State PCR Petition Dismissed | June 27, 2012 | 196 days left in limitations period |
| Last Day to File within Limitations | January 9, 2013 | 0 days left in limitations period |
| Habeas Petition Filed | June 7, 2021 | 3,071 days beyond limitations period |

Mr. Harris' last day to file his habeas petition within the one-year period of limitations was January 9, 2013. He did not file his habeas petition until June 7, 2021—3,071 days beyond the limitations period. Having found that Mr. Harris' habeas petition was untimely, the Court will next analyze whether he is entitled to equitable tolling.

3

### B. Equitable Tolling

#### 1. Legal Standard

The one-year period of limitations to file a habeas petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner who seeks equitable tolling carries the burden of showing (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* Courts do not apply equitable tolling if the petitioner fails to demonstrate either of these elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Equitable tolling requires a case-by-case decision guided by precedent. *Holland*, 560 U.S. 649-50. Equitable tolling is not a chimera, but it is nevertheless an extraordinary remedy that is rarely granted. *Carpenter*, 840 F.3d at 870.

The diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittman*, 904 F.3d 525, 531 (7th Cir. 2018). A petitioner's lack of action for months on end tends to show that he has not acted with reasonable diligence. *E.g.*, *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). A petitioner may demonstrate reasonable diligence by, for example, writing letters seeking information and direction, repeatedly contacting attorneys or courts, or filing a *pro se* habeas petition shortly after discovering that the limitations period has expired. *Id.*

An extraordinary circumstance justifying equitable tolling must involve something beyond the petitioner's control. *Carpenter*, 840 F.3d at 872. A lack of legal training, a lack of counsel, and other "garden variety" claims involving common aspects of prison life are insufficient. *Id.* To be sure, physical or mental illness could amount to an "extraordinary circumstance" warranting equitable tolling. *See Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (collecting cases).

4

But "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Carpenter*, 840 F.3d at 872 (emphasis in original). In this evaluation, the district court looks "at the entire hand that the petitioner was dealt and uses a flexible standard that encompasses all of the circumstances that he faced and the cumulative effect of those circumstances to determine whether they were extraordinary and truly prevented timely filing of the habeas petition." *Id.* (cleaned up).

### 2. Analysis

As explained above, Mr. Harris has the burden of showing that he is entitled to equitable tolling. To meet this burden, he must show both that he pursued his rights with reasonable diligence and that an extraordinary circumstance beyond his control prevented him from filing a timely petition. He has not carried his burden on either of these elements.

*Reasonable diligence*. Mr. Harris has not explained what, if any, action he took to pursue habeas proceedings before he filed his untimely petition in June 2021. He has not, for example, shown that he contacted attorneys or court staff with questions or with requests for direction. Nor has he indicated that he began working on his habeas petition shortly after he discovered that the deadline to file had passed. Instead, it appears that he waited months—years even—without making any effort to pursue his petition. These facts weigh heavily against a finding of reasonable diligence.

*Extraordinary circumstances*. Mr. Harris states that he suffers from mental illness and was placed in New Castle Correctional Facility's mental health unit in 2013. However, he has not stated the nature of his mental illness, nor has he explained how his mental illness has impacted his ability to understand legal proceedings or pursue his petition. He also states that his facility has been in lockdown, which he says has deprived him access to the law library and certain legal work. In this

5

respect, too, Mr. Harris is short on the details. It is unclear the extent to which he has been denied access to legal resources, the duration of his facilities' lockdowns, or the nature of the legal work that he has been unable to access. *See Moreland v. Eplett*, ___ F.4th ___ *16-17 (7th Cir. 2021) (petitioner was not entitled to equitable tolling where he did not explain how schizophrenia or lockdowns prevented him from filing his petition on time).

Of course, it is possible that issues beyond a petitioner's control, such as mental illness or other disabilities, could potentially prevent him from properly articulating a meritorious basis for equitable tolling. And in some circumstances, it may be appropriate for district courts to collect additional information, appoint counsel, or hold an evidentiary hearing before ruling on the respondent's motion to dismiss. *E.g., Perry*, 950 F.3d at 414.

To shed some light on Mr. Harris' ability to access the law library, draft motions, appear at court hearings, and understand the nature of legal proceedings generally, the Court takes judicial notice of two civil rights cases he filed in this Court in 2018. *See Harris v. Zatecky, et al.*, Case No. 1:18-cv-2009-RLY-MPB (closed March 17, 2020); *Harris v. Thomas, et al.*, Case No. 1:18-cv-3621-JMS-MJD (pending).

After the denial of his post-conviction petition to transfer on July 25, 2019, Mr. Harris submitted 11 *pro se* filings in these cases that show a basic understanding of legal proceedings. *See Zatecky* at dkts. 55, 56, 63, 69, 83, 85; *Thomas* at dkts. 18, 34, 42, 49, 53. He also appeared *pro se* at a settlement conference and a telephonic status conference. *See Zatecky* at dkts. 66, 81. In a motion for counsel that Mr. Harris filed on December 7, 2020, he stated that he did not have any physical or mental health issues that had affected his ability to litigate his case. *Thomas* at dkt. 53. He also stated that he graduated from high school and had no difficulty reading or writing English, that he had "received assistance from several law library clerks," and that he had limited

access to the law library "for only 1 hour in duration." *Thomas* at dkt. 53. Despite his professed competency and access to the law library, Mr. Harris appears to have taken no action to file his habeas petition for nearly two years after his post-conviction transfer petition was denied.

To summarize, Mr. Harris has not shown that he pursued his rights with reasonable diligence or that an extraordinary circumstance outside his control prevented him from filing his petition on time. Therefore, he is not entitled to equitable tolling. And even if mental illness or lockdowns had prevented him from filing a habeas petition before the limitations period expired in 2013, his activity as a *pro se* plaintiff shows that neither of these obstacles stood in his way between July 25, 2019 (denial of post-conviction transfer petition) and June 7, 2021 (filing of habeas petition). That time period alone is far longer than the period of limitations to file a petition for a writ of habeas corpus. Accordingly, the respondent's motion to dismiss is **GRANTED**.

### III. CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as untimeliness), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could conclude that Mr. Harris' petition was timely or that he is entitled to equitable tolling, and a certificate of appealability is **DENIED**.

## IV. CONCLUSION

The respondent's motion to dismiss, dkt. [9], is **GRANTED**. The habeas petition is **DENIED**. A certificate of appealability **SHALL NOT ISSUE**.

The **clerk is directed** to enter final judgment in accordance with this Order.

**IT IS SO ORDERED**.

Date: 11/23/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

HOWARD HARRIS
967376
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov